JUDGE ROANE
pronounced the Court’s opinion.
The Court is of opinion that the judgment of the Superior Court is erroneous, in not having given the instruction asked for in the first bill of exceptions; and also, because judgment was given for the plaintiffs on the Verdict, instead of awarding a re-pleader.
The issue joined on the third plea is immaterial in this, that it is averred that the dam in question did not entirely obstruct the road in the said replication mentioned, and also that the Citizens of the Commonwealth were not altogether prevented from using the same ; the Court being of opinion that even a partial obstruction of a public highway is an abateable nuisance.
The Judgment is therefore reversed, with costs, the replication and issue to the third plea set aside, a repleader awarded, and the cause remanded for farther proceedings; with a direction that, in the new trial, the instruction asked for in the first bill of exceptions shall be given, if requested.
NUISANCES.
I. Defi ní lion and Kinds of Nuisances.
A. In General.
B. Public Nuisance.
1. Private Action.
C. Private Nuisance.
D. Nuisances Per Se — Lawful Business.
1. In General.
2. Blacksmith Shop.
3. Oil and Gas Wells.
4. Slaughter-House.
5. Explosives.
II. Criterion for Determining What Is a Nuisance.
III. Specific Nuisances.
A. Noises.
B. Obstruction of Streets and Highways.
1. In General.
*746 2. Prescription.
3. Remedies.
C. Waters and watercourses.
1. Pollution.
2. Diversion.
3. Obstruction.
D. Privies.
E. Places Where Liquor Unlawfully Sold.
F. Gaming Houses.
IY. Persons Liable.
A. Municipal Corporations.
1. In General.
2. Market Place.
3. Sewers.
B. Lessor and Lessee of Land.
V.' Acquiescence and Estoppel.
VI. Easements.
VII. Remedies.
A. Ancient Remedies by Action.
B. Modern Remedies.
1. Abatement and Trespass on the Case.
a. Who May Abate.
(1) Private Individuals.
(2) Municipal Corporations.
b. Extent of Abatement — Destruction of Property.
2. Jurisdiction of Equity to Enjoin Nuisances.
a. In General.
b. Adequate Remedy at Law.
c. Threatened Nuisances.
d. Mere Domestic Broils.
e. Prior Establishment of Right at Law.
(1) When Injunction Continued until Hearing.
3. Indictment.
VIII. Action for Damages.
A. Limitation of Action.
1.Continuing Nuisance.
B. Damages Recoverable.
1. Permanent and Temporary Injuries.
2. Measure of Damages.
a. Temporary Nuisance.
b. Elements of Recovery.
3. Exemplary Damages.
IX. Legislative or Municipal Control.
X.Parties.
1. DEFINITION AND KINDS OF NUISANCES.
A. IN GENERAL. — Nuisance signifies anything which works hurt, inconvenience or damage. Nuisances are of two kinds: public or common nuisances, and private nuisances. 4 Min. Inst. (3d Ed.) p. 10.
B. PUBLIC NUISANCE.
1. Private Action. — To constitute a public nuisance, the act done, or duty omitted, must affect injuriously some thing or right in which the community at large have a common interest. A public nuisance is an offense against the state, and, as a general rule, an individual cannot enjoin such a nuisance, but a private individual may maintain a civil action in his own name if he has sustained special damage different in kind or degree from that sustained by the rest of the public. Beveridge v. Lacey. 3 Rand. 63; Com. v. Webb, 6 Rand. 726; Keystone Bridge Co. v. Summers, 13 W. Va. 476; Talbott v. King, 32 W. Va. 6, 9 S. E. Rep. 48; Powell v. Furniture Co., 34 W. Va. 804, 12 S. E. Rep. 1085, 12 L. R. A. 53; Pence v. Bryant (W. Va.), 46 S. E. Rep. 275.
Injury nust Be Substantial. — And this injury must be serious, affecting the substance and value of the plaintiff’s estate: not trivial, nor such as may be compensated in damages. Talbott v. King, 32 W. Va. 6, 9 S. E. Rep. 48; Keystone Bridge Co. v. Summers, 13 W. Va. 476.
But courts should exercise great caution in enjoining acts alleged to constitute public nuisances at the suit of private parties, lest, in protecting the latter, much greater injury be done to the public. Wees v. Coal, etc., R. Co. (W. Va.), 46 S. E. Rep. 166.
In Miller v. Truehart, 4 Leigh 577, President Tucker said: "I am also inclined to think, from the evidence in the case, that the mill-dam, as it existed, was a public nuisance, and might have been abated by a public prosecution, although a private action might also be sustained by the individual who had suffered special injury from the erection of it. 5 Bac. Abr., Nuisances, B., p. 151; Regina v. Wigg, 2 Ld. Raym. 1163; Dimmett v. Eskridge. 6 Munf. 308.”
For example, it has been held that if a boom is erected and maintained on a navigable stream in violation of law, and is therefore a public nuisance, the way to get rid of it is by public prosecution, and an individual has no cause of complaint aside from that of the common public, unless he suffers a special and peculiar damage therefrom distinct and apart from the common injury. Miller v. Hare, 43 W. Va. 647, 28 S. E. Rep. 722, 39 L. R. A. 491.
C. PRIVATE NUISANCE. — A private nuisance affects one or more as private citizens, and not as a part of the public, and is ground for a civil suit only. Holt, J., in Powell v. Furniture Co., 34 W. Va. 804, 12 S. E. Rep. 1085, 12 L. R. A. 53.
D. NUISANCES PER SE — LAWFUL BUSINESS.
1. In Generad. — As a general rule, a lawful, business cannot be a nuisance per se. but from its surrounding places and circumstances, or the manner in which it is conducted, it may become a nuisance. McGregor v. Camden, 47 W. Va. 193, 34 S. E. Rep. 936; Powell v. Furniture Co., 34 W. Va. 804, 12 S. E. Rep. 1085, 12 L. R. A. 53; Wilson v. Phoenix Powder Mfg. Co., 40 W. Va. 413, 21 S. E. Rep. 1035; Pope v. Bridgewater Gas Co. (W. Va.), 43 S. E. Rep. 87.
But the construction of a building seven feet distant from the line of a city street, without the erection of barriers, is not a nuisance, nor wrongful per se. Emmerson v. Fay, 94 Va. 60, 26 S. E. Rep. 386.
2. Blacksmith Shop. — Nor is a blacksmith shop or machine shop a nuisance per se. Chambers v. Cramer, 49 W. Va. 395, 38 S. E. Rep. 691, 54 L. R. A. 545.
3. Oil and Gas Wells. — Nor are oil and gas wells nuisances per se, and whether they are nuisances to a dwelling house and its appurtenances depends upon their location, capacity and management; but when such a well has such capacity, management and location with regard to a dwelling house and its appurtenances as materially to diminish the value thereof as a dwelling, and seriously to interfere with its comfort and enjoyment, it is an abatable nuisance. McGregor v. Camden, 47 W. Va. 193, 34 S. E. Rep. 936.
If, however, there is any way that such a well can be operated so as not to make it a nuisance, only the unlawful operation thereof will be enjoined. McGregor v. Camden, 47 W. Va. 193, 34 S. E. Rep. 936. See Pope v. Bridgewater Gas Co. (W. Va.), 43 S. E. Rep. 87.
4. Slaughter-House. — A slaughter-house in a city or town is not per se a nuisance, but only prima facie such, and may be enjoined when it is offensive to the senses and renders .the enjoyment of life and property in the neighborhood uncomfortable. The burden of showing that it is not a nuisance is upon those who engage in the business. Pruner v. Pendleton, 75 Va. 516, 40 Am. Rep. 738.
5. Explosives. — But a mill, manufacturing powder and other explosives, and storing them in or dangerously near public places, is a nuisance per se, and if anyone is inj ured thereby by explosion, he *747 m?y recover damages "without proof of negligence in its operation. Wilson v. Phoenix Powder Mfg. Co., 10 W. Va. 413, 21 S. E. Rep. 1035, 53 Am. St. Rep. 890; Huntington, etc., Co. v. Phoenix Powder Mfg. Co., 10 W. Va. 711, 21 S. E. Rep. 1037.
3i. CTOTBRION FOR DETERMINING WHAT IS A NUISANCE.
The standard by which to measure what shall be deemed a nuisance in a given case is not the man who, by reason of his sensitive nature, or by reason ol his habits or mode of living, is supersensitive to the annoyance complained of; nor, on the other hand, the man who is abnormally insensible to such things. But the standard must be the man of normal nervous sensibility and of ordinary habits of living. Powell v. Furniture Co., 34 W. Va. 804, 12 S. E. Rep. 1085. 12 L. R. A. 53.
KI. SPECIFIC NUISANCES.
A. NOISES.
In General. — when the prosecution of a business, of itself lawful, in the neighborhood of a dwelling house, renders the enjoyment of it materially uncomfortable by noises alone produced by such business. then the carrying on of such business, while it produces such a result, is a nuisance, and will be restrained by a court of equity. Snyder v. Cabell. 29 W. Va. 48, 1 S. E. Rep. 241.
Factory . — For example, the noise of a factory, which materially interferes with and impairs the ordinary physical comfort of human existence, may be treated as a nuisance. Powell v. Furniture Co., 34 W. Va. 804, 12 S. E. Rep. 1085, 12 L. R. A. 53 (furniture factory).
Stinting Rink. — Likewise, a skating rink, erected within a short distance from a dwelling house, of so noisy a character as materially to interfere with the comfort and enjoyment of the inmates of such dwelling, is a nuisance, and may be enjoined by a court of equity. Snyder v. Cabell, 20 W. Va. 48, 1 S. E. Rep. 241.
Merry-go-round. — It was held by a divided court in Town of Davis v. Davis, 40 W. Va. 464, 21 S. E. Rep. 906, that a merry-go-round, run by a steam engine, the whistle of which blew every few minutes, accompanied by a band, and attended by a large, noisy and boisterous crowd till after ten at night, disturbing some of the people living near by it, was a public, nuisance.
Loud Singing. -Talking, Dancing, etc. — where certain acts, such as loud singing, talking, dancing, and opening and shutting of doors, are done by a person in the use of his premises as a dwelling-house, for the mere willful and malicious purpose of annoying and rendering uncomfortable his neighbor, and to destroy the peace and quiet of his home, and they have such effect, they amount to a private nuisance which a court of equity will restrain; while under other circumsrances, the doing of those tilings in the manner indicated would not amount to a private nuisance. Medford v. Levy. 31 W. Va. 649, 8 S. E. Rep. 302, 13 Am. St. Rep. 887, 2 L. R. A. 368
IS. OBSTRTJCTION OF STREETS AND HIGHWAYS.
1. InG-kubkaii. — Any obstruction or Invasion of a public street or highway, without authority, is a public, indictable nuisance, and an injunction maybe maintained to stop or abate it. not only by the county" or municipality, but by an individual peculiarly and materially injured by- such obstruction. Yates v. Town of Warrenton, 84 Va. 337, 4 S. E. Rep. 818, 10 Am. St. Rep. 860: City of Moundsville v. Ohio River R. Co., 37 W. Va. 92, 16 S. E. Rep. 514, 20 L. R. A. 163; State v. Chesapeake, etc., R. Co., 24 W. Va. 809; Wees v. Coal, etc., R. Co. (W. Va.), 46 S. E. Rep. 166; Pence v. Bryant (W. Va.), 46 S. E. Rep. 275. See Com. v. Becson, 3 Leigh 821.
A partial obstruction of a public highway is an abatable nuisance. Dimmett v. Eskridge, 6 Munf. 308.
For example, if a dam is erected in a different position from that prescribed in tne inquisition, in consequence whereof a, ford across a stream, being part of a public road legally established, is obstructed and shut up, such dam is a public nuisance and may be abated. Dimmett v. Eskridge, 6 Munf. 308.
Failure to Repair Bridge. — And if an individual, without authority, for his own purposes, or even ior the public advantage, constructs a bridge in a public road, it is incumbent on him to keep it in such a condition as not to impede the free and convenient use of the highway; and if he suffers it to become ruinous, so as to operate as an obstruction, he becomes guilty of a nuisance, for which he is liable. Sampson v. Goochland Justices, 5 Gratt. 241.
Gate across Public Road. — A gate erected across a public road, without leave of court, is a public nuisance, and any citizen passing that way may remove it. provided he does so peaceably. The King v. Harrison, Jeff. 50; Smart v. Com., 27 Gratt. 950,
Obstruction of Highway by Railroad Company.— Where a railroad company, under license to do so, given by competent authority, takes and occupies a part of a public street or highway for its track, or crosses one, but on condition that it shall restore such street or highway to its former condition, or to such condition as will not necessarily impair its usefulness by impeding travel, and it fails to comply with the condition, then the railroad company is guilty of maintaining a nuisance and may be proceeded against by indictment, or equity will abate the nuisance by mandatory injunction. City of Moundsville v. Ohio River R. Co., 37 W. Va. 92, 16 S. E. Rep. 514, 20 L. R. A. 163; State v. Ohio River R. Co., 38 W. Va. 242, 18 S. E. Rep. 582; State v. Monongahela River R. Co., 37 W. Va. 108, 16 S. E. Rep. 519; Town of Mason v. Ohio River R. Co., 51 W. Va. 183, 41 W. Va. 418.
Any improper use, by a railroad company, of a grant of right of way over the street of a town, which is damaging to the public, such as depositing cars upon the crossings for an unreasonable time, is a public nuisance and subject to indictment. Town of Mason v. Ohio River R. Co., 51 W. Va. 183, 41 S. E. Rep. 418.
Private Use of Streets end Sidewalks. — streets and sidewalks are designed for the use of the public and the use of them by an individual simply for his own convenience and accommodation, unaccompanied by any public use, as for drains, private crossings, sewers, vaults, cess-pools, or other obstructions or excavations, is unauthorized and essentially a nuisance, for which such individual is liable for all damages sustained in consequence of the improper appropriation of the street or sidewalk to his mere personal use. Curry v. Mannington, 23 W. Va. 14; O’Hanlin v. Carter Oil Co. (W. Va.), 46 S. E. Rep. 565.
The public easement in all of the highways of the state, wherever situated, is sacred from individual encroachment, and all interference therewith by private interests is a continuing public nuisance, subj ect to abatement whenever the growing necessities of the people require such easement for the uses to which the land to which it attaches was originally dedicated. Ralston v. Weston, 46 W. Va. 544, 76 Am. St. Rep. 834, 33 S. E. Rep. 326.
2. PiuascittPTioN. — - Any encroachment on a public *748 street, dedicated to the use of the public, is a nuisance, which is not helped or aided hy lapse of time. Yates v. Town of Warrenton, 84 Va. 337, 4 S. E. Rep. 818, 10 Am. St. Rep. 860.
3. Remedies.
Indictment. — Indictment is the appropriate remedy for a nuisance in a public highway; therefore, where, in a prosecution for such nuisance, the defendants moved for a continuance until the decision of an equity suit brought by the said defendants to restrain the abatement of the alleged nuisance, it was held that the continuance was properly refused. Taylor v. Com., 29 Gratt. 780.
When Equity Will Interfere. — The obstruction to a public highway, to justify the interference of a court of equity, must be more than a mere public nuisance; it must wort a special injury to the plaintiff. But if the right of the public to the use of the highway is clear, and a special injury is threatened by an obstruction of the highway, and this special injury is serious, reaching the very substance and value of plaintiff’s estate, and is permanent in its character, a court of equity, by an injunction, ought to prevent such a nuisance. Keystone Bridge Co. v. Summers, 13 W. Va. 476.
Injunction by Private Individual. — But a private individual who is injured by the obstruction of a public 'road cannot, by a suit brought on behalf of himself and all others who are similarly situated who would come into the suit and contribute to its costs, enjoin such obstruction as a public nuisance, when the alleged nuisance is of a public character, the court will consider the injuries which may result to the public by granting the injunction, as well as the injuries to be sustained by the plaintiff inrefusingit. Wees v. Coal, etc., R. Co. (W. Va.), 46 S. E. Rep. 166.
C. WATERS AND WATERCOURSES.
1. Pollution. — The natural pollution of water in its flow through populous regions of country cannot' ordinarily, be restrained.' But any use of a stream that materially fouls or adulterates the water, or the deposit or discharge therein of any filthy or noxious substance, that so far affects the water as to impair its value for the ordinary purposes of life, will be deemed a violation of the rights of the lower riparian proprietor, for which he will be entitled to redress. And anything that renders the water less wholesome than when in, its ordinary natural state, or which renders it offensive to taste or smell, or tha t is naturally calculated to excite disgust in those using the water for the ordinary purposes of life, will constitute a nuisance, which may be restrained by injunction. Trevett v. Prison Ass'n, 98 Va. 832, 36 S. E. Rep. 373, 81 Am. St. Rep. 727, 6 Va. Law Reg. 148.
Thus, the pollution of the water of a natural stream by artificial drainage which causes sewage to flow into the stream, whether done by a private or municipal corporation or by an individual, constitutes a nuisance which entitles the lower riparian owner to damages therefor, Trevett v. Prison Ass’n, 98 Va. 332, 36 S. E. Rep. 373, 81 Am. St. Rep. 727, 6 Va. Law Reg. 148.
2. Diversion. — And the diversion of a natural stream is a private nuisance, for which a court of equity will grant relief by way of injunction at the suit of the injured party. The jurisdiction is founded on the notion of restraining irreparable mischief. Carpenter v. Gold, 88 Va. 551, 14 S. E. Rep. 329.
3. Obstruction.
Private Nuisance. — Likewise, it is a private nuisance to obstruct a drain or natural stream, so as to throw the water back on a neighbor’s land. Amick v. Tharp, 13 Gratt. 564, 67 Am. Dec. 787; Burwell v. Hobson, 12 Gratt. 322; Switzer v. McCulloch, 76 Va. 777; Masonic Temple Ass’n v. Banks, 94 Va. 695, 27 S. E. Rep. 490.
And there is no distinction in principle or authority between obstructing the flow of a stream at its ordinary level and in time of flood. Burwell v. Hobson, 12 Gratt. 322, 65 Am. Dec. 247.
Injuries to Mill Owners. — It has been held that a. fill or bar made in a stream by blasting and throwing into it rock and other refuse material in the work of the construction of a railroad, which fill is not necessary for the construction and maintenance of the railroad, and which entails injury to a mill situate on such residue, is a private nuisance, and ground of action against the company. Watts v. Norfolk, etc., R. Co., 39 W. Va. 196, 19 S. E. Rep. 521, 45 Am. St. Rep. 894, 23 L. R. A. 674.
So, also, the erection of a boom in such close proximity to a mill, without consent of the owner thereof, as to impede the flow of water, and thereby cause a deposit of sand and other sediment immediately below the dam of such mill, whether a natural or an artificial structure, in such manner as to destroy in an appreciable degree the power of such fall or dam. creates an unlawful nuisance, and renders the owner of such boom liable to the mill owner for the damages occasioned by the creation and continuance of such nuisance. Pickens v. Coal River, etc., Co., 51 W. Va. 445, 41 S. E. Rep. 400.
Altering a bridge so as to reduce the distance between the abutments to ninety.two feet, when the natural channel of the stream is one hundred and fifty feet wide, so that the surface of the water is raised at the plaintiff’s mill dam five feet, and the plaintiff’s premises are injured in a freshet, although before the alteration there was no damage from freshets, is an actionable nuisance. Taylor v. Baltimore, etc., R. Co., 33 W. Va. 39, 10 S. E. Rep. 29.
Public Nuisance. — But a dam erected in a floatable stream to furnish power to operate a mill useful to-the public, under authority duly had from a county court, is not a public nuisance, though without a sluice, and though it obstructs navigation; and, therefore, a railroad company which, by an unlawful act in the construction of its road, inflicts injury upon the mill, cannot excuse itself for the wrong by the plea that such dam is a public nuisance, Watts v. Norfolk, etc., R. Co., 39 W. Va. 196, 19 S. E. Rep. 521, 45 Am. St. Rep. 894, 23 L. R. A. 674. Compare Gaston v. Mace, 33 W. Va. 14, 10 S. E. Rep. 60, 25 Am. St. Rep. 848, 5 L. R. A. 392.
D. PRIVIES. — Privies axe prima facie nuisances, and although necessary and indispensable in connection with the use of property for the ordinary purposes of habitation, yet, if they are built or are allowed to remain in such a condition as to annoy others in the proper enjoyment of their property, they are nuisances per se, and render the person erecting or using them liable for all the injurious, consequences flowing therefrom. Trevett v. Prison Ass’n, 98 Va. 332, 36 S. E. Rep. 373, 81 Am. St. Rep. 727.
E. PLACES WHERE LIQUOR UNLAWFULLY SOLD. — Uuder W. Va. Code 1899, ch. 32, § 318, a building where intoxicating liquors are sold contrary to-law is a common and public nuisance and will be abated as such. Cohen v. King Knob Club (W. Va.), 46 S. E. Rep. 799.
P. GAMING HOUSES. — Keeping a gaming house is a public nuisance by common law. Woods v. Cottrell (W. Va.), 47 S. E. Rep. 275.
IV. PERSONS LIABLE.
A. MUNICIPAL CORPORATIONS.
1. IN General. — A municipal corporation has no more right to license or maintain a nuisance than an individual would have, and for a nuisance *749 maintained on its property the same liability attaches against a city as against an individual. Chalkley v. City of Richmond, 88 Va. 402, 14 S. E. Rep. 339, 29 Am. St. Rep. 730, citing Dillon on Municipal Corporations, §§ 374, 1048.
Public Nature of Work No Defense.™It has been held that the public nature of the work which creates a nuisance does not prevent a court of equity from enjoining the contractor from doing it in sucha manner as to create a nuisance, especially when it appears that it might be safely done in another manner at a small additional expense to the contractor. Masonic Temple Ass’n v. Banks, 94 Va. 695, 27 S. E. Rep. 490.
2. Market Place. — If a municipality wrongfully and negligently conducts its market place so as to render it a nuisance, it is liable in damages to anyone injured thereby. Town of Suffolk v. Parker, 79 Va. 660, 52 Am. Rep. 640.
3. Sewers. — And a sewer controlled by a city, which is so negligently constructed that it causes the water and excrement to flow into the cellar of a private person, is a nuisance, and the city is liable for the damages caused thereb3’ if it fails to abate the nuisance when notified to do so. Chalkley v. City of Richmond, 88 Va. 402, 14 S. E. Rep. 339, 29 Am. St. Rep. 730.
Bnt where a sewer connecting with a city main .sewer was built at the expense of the land-owner, and it was his duty to repair it at his expense on consent of the city, he is liable for a nuisance •created by its want of repair, in the absence of evidence to show that the city had refused to allow him to repair. Cohen v. Bellenot, 2 Va. Dec. 639.
B. LESSOR AND LESSEE OF LAND. — The original creator of a nuisance, or that which creates a nuisance, cannot escape responsibility by conveying away or leasing the premises. Accordingly, it has been held that a lessor who erects a boom in ■such close proximity to a mill-dam as to injure the water power of such dam, and thereby creates a nuisance against the same, is equally liable with his lessee with notice for the continuance of such nuisance. Pickens v. Coal River, etc., Co., 51 W. Va. 445, 41 S. E. Rep. 400, 90 Am. St. Rep. 819.
V. ACQUIESCENCE AND ESTOPPEL.
A person who licenses, permits or acquiesces in the establishment of a costly nuisance cannot invoke the aid of a court of equity, even though it proves more annoying and injurious than he anticipated, bnt he will be left to his remedy at law, if an3*. If he cannot sue at law, neither can he sue in equity. Huntington, etc., Land Co. v. Phoenix Powder Mfg. Co., 40 W. Va. 711, 21 S. E. Rep. 1037; Miller v. Hare, 43 W. Va. 647, 28 S. E. Rep. 722, 39 L. R. A. 491.
Thus, where the plaintiff, at the time of his purchase from the defendant, who was a joint tenant With another, knew that the stream through the land had been partially polluted by a tannery upon the lands of the defendant, and also that a new and enlarged steam tannery was then being erected by the defendant at great expense, and with this knowledge he proceeds with the execution of the contract by continuing in the possession of the property, making all the payments without objection, and finally, after the lapse of three years, accepting a deed without expressing dissatisfaction with the property in its then condition, he cannot afterwards complain that the tannery is a nuisance and thereby obtain compensation in damages from the defendant. Lowenback v. Switzer, 1 Va. Dec. 141.
So, also, where a company engaged in the manufacture of powder and other explosives, without misrepresentation or concealment on its part, is induced to locate its works at great expense on ands adjacent toithe property, and for the prospective benefit of the land improvement company such latter company cannot enjoin the continuance of such works asa nuisance, on discovering that the proximity of such powder works has diminished instead of enhanced the value of its adjoining territory. Huntington, etc., Co. v. Phoenix Powder Mfg. Co., 40 W. Va. 711, 21 S. E. Rep. 1037.
VI. EASEMENTS.
An action for nuisance will not lie where the nuisance complained of is an easement. Lowenback v. Switzer, 1 Va. Dec. 141.
Vil. REHEDIES.
A. ANCIENT REMEDIES BY ACTION.* — The old common-law remedies by action for nuisance were the quod permittat prosternare and the assize of nuisance. The former was in the nature of a writ of right, and commanded the defendant to permit the plaintiff to abate the nuisance, or show cause against the same; and the plaintiff could have judgment to abate the nuisance and for damages against the defendant. In an assize of nuisance, the sheriff was commanded to summon a j ury to view the premises, and it they found for the plaintiff he had judgment to have the nuisance abated, and tor damages. These actions could be brought only by a tenant of the freehold and have long been out of use. 4 Min. Inst. (3d Ed.) p. 569; opinion of Holt, J., in Powell v. Furniture Co., 34 W. Va. 804, 12 S. E. Rep. 1085, 12 L. R. A. 53.
B. MODERN REMEDIES.
1. ABATEMENT AND TRESPASS ON THE CASE."The modern remedies are by action of trespass on the case. 4 Min. Inst. (3d Ed.) p. 569; Va. Code 1887, § 2901; W. Va. Code, ch. 103, § 8, and abatement; but a party should not be advised to take the law into his own hands except in a case of great urgency, for he does so at his own risk, and at great hazard, should he be in the wrong, or go too far and commit a breach of the peace or riot in abating or removing the alleged nuisance. 4 Min. Inst. (3d Ed.) p. 569; opinion of Holt, J., in Powell v. Furniture Co., 34 W. Va. 804, 12 S. E. Rep. 1085, 12 L. R. A. 53.

a. Who May Abate.

(0 Private Individuals.
Private Nuisance. — A party aggrieved may remove a private nuisance, if it can be peaceably done, and in a way that will not injure innocent third persons. Amick v. Tharp, 13 Gratt. 564, 67 Am. Dec. 787.
Public Nuisance, — But there is a grave difference of opinion as to abatement of a purely public nuisance by the mere act of the party. All the authorities agree, however, that where the right of abatement by private act does exist, it must go no further than to remove that which works the nuisance, doing injury no further than is necessary to accomplish that end. Watts v. Norfolk, etc., R. Co., 39 W. Va. 196, 19 S. E. Rep. 521, 45 Am. St. Rep. 894, 23 L. R. A. 674.
M. was authorized by the county court to erect a toll-gate on a turnpike road in the county, and take toll thereon at a fixed rate, he being bound to keep the road in order. R. and B. came with their teams to the gate, which they found shut and fastened. They demanded that the gate should be opened, and the gate-keeper demanded the usual tolls before opening the gate. R. and B. refused to pay the tolls, and the gate-keeper refused to open the gate. Thereupon R. and B. broke down and destroyed the gate, aDd passed through without paying toll. Tt was held that if the toll-gate was such an obstruction on the highway as could be regarded a nuisance, R. and B. could be justified only in removing *750 it peaceably, not in destroying it, Smart v. Com., 27 Gratt. 950.
Reason for Rule, — The reason why the law allows this primary and summary method of doing oneself justice is because injuries of this'kind, which obstruct or annoy one in the enjoyment of such things as are of daily convenience and use, require an immediate remedy, and cannot wait for the slow progress of the ordinary forms of justice. 4 Min. Inst. (3d Ed.) p. 11.
(a) fluniclpa! Corporations. — in order to secure and promote the public health, safety and convenience, municipal corporations are usually endowed liberally with power to prevent and abate nuisances. This authority, and its summary exercise, may be constitutionally conferred on the incorporated place, and it authorizes its council to act against that which comes within the legal notion of a nuisance; but such power conferred in general terms cannot be taken to authorize the extraj udicial condemnation and destruction of that as a nuisance which, in its nature, situation, or use, is not such. Bristol Door and Lumber Co. v. Bristol, 97 Va. 304. 33 S. E. Rep. 588, 75 Am. St. Rep. 783. See Watson v. Fairmont, etc.,R. Co., 94 W. Va. 528, 39 S. E. Rep. 193.
For example, a municipal corporation cannot, by its mere declaration that a structure is a nuisance, subject it to removal. It must first resort to some proper judicial proceeding, giving the owner or occupant an opportunity to be heara before his house is condemned and removed as a nuisance. Teass v. St. Albans, 38 W. Va. 1, 17 S. E. Rep. 400.
When Resort to Equity Unnecessary. — But where the law gives the town council ample power to abate nuisances, and the council gives the person charged with maintaining the nuisance opportunity to be heard, it is unnecessary to resort to a court of equity for relief. Town of Davis v. Davis, 40 W. Va. 464, 21 S. E. Rep. 906.
Failure to Abate .Nuisance. — A city authorized to abate nuisances is, after notice to abate it, liable for failure to exercise the power. Chalkley v. City of Richmond, 88 Va. 402, 14 S. E. Rep. 339, 29 Am. St. Rep. 730.
But the failure of a city to exercise its charter power to abate nuisances not rendering its streets unsafe does not give persons injured by such failure a private action against the city, nor does a failure to make or enforce ordinances prohibiting nuisances give them such action against the city. Miller v. Newport News (Va.), 44 S. E. Rep. 712
5. Extent of Abatement — Destruction of Property.— when a building is a nuisance only because of the uses to which it is devoted, 'the building itself cannot be pulled down to stop the nuisance, but only the wrongful use can be stopped. Therefore, the occupation of a building by disorderly and lewd persons, its filthy and unsightly condition, and the consequent injury to adjacent property, do not justify a municipal corporation in destroying the building. Bristol Door & Lumber Co. v. Bristol, 97 Va. 304, 33 S. E. Rep. 588, 75 Am. St. Rep. 783.
Power to Destroy Thing-Constituting Public Nuisance. — But it is law very ancient that upon an indictment for maintaining a public nuisance not only may the offender be punished, but the nuisance may be abated as part of the judgment, and the thing with which the nuisance is done may be destroyed. Woods v. Cottrell (W. Va.), 47 S. E. Rep. 275.
2. Jurisdiction oe Equity to Enjoin Nuisances.
a. In General. — It is well settled that a court of equity will restrain by injunction the creation or continuance of a nuisance, whether public or private, wherever it is necessary in order to prevent irreparable mischief, as to property and especially as to health, or to suppress interminable litigation, or to avoid a multiplicity of suits. By the term “irreparable injury,” it is not meant that there must be no physical possibility of repairing the injury, but the injury is irreparable if it is a grievous one, or a material one, and not adequately reparable in damages. Wingfield v. Crenshaw, 4 Hen. & M. 474; Miller v. Trueheart, 4 Leigh 572; Switzer v. McCulloch, 76 Va. 777; Talley v. Tyree, 2 Rob. 500; Carpenter v. Gold, 88 Va. 551, 14 S. E. Rep. 329; Masonic Temple Ass’n v. Banks, 94 Va. 695, 27 S. E. Rep. 490; Keystone Bridge Co. v. Summers, 13 W. Va. 476 (holding that equity has jurisdiction to prevent a public nuisance).
Power of Owner to Avoid Effects of Nuisance.— Moreover, where one creates a nuisance on the premises of another, which inj ures his property, and is pernicious to health, a court of equity will enjoin its continuance, although the owner of the property might ward off the evil effects and dangerous results of the nuisance at his own cost and expense Masonic Temple Ass’n v. Banks, 94 Va. 695, 27 S. E. Rep. 490.
Nuisance Causes Increase in Rates of Insurance. — But as a mere diminution in the value of property, with out irreparable mischief, will not furnish any foundation for equitable relief, it has been held that because the erection of a building alleged to be a nuisance will increase the rates of insurance upon neighboring property is not ground for an injunction to restrain such erection. Chambers v. Cramer, 49 W. Va. 395, 38 S. E. Rep. 691, 54 L. R. A. 545.
Jurisdiction Cautiously Exercised. — Courts of equity should proceed with great caution in the exercise of this jurisdiction, especially where the alleged nuisance is a useful or necessary trade, and should not enjoin unless the fact of nuisance is made in some way to appear clearly beyond all ground of fair questioning. Powell v. Furniture Co., 34 W. Va. 804, 12 S. E. Rep. 1085, 12 L. R. A. 53.
6. Adeauate Remedy at Law. — The general rule is that a court of equity ought not to interpose in the case of nuisance, except where the law would not afford an immediate oran adequate remedy until irreparable injury might be done. Wingfield v. Crenshaw, 4 Hen. & M. 474.
But in City of Moundsville v. Ohio River R. Co., 37 W. Va. 92, 16 S. E. Rep. 614, 20 L. R. A. 161, it is said: “True, we find It laid down that equity has not jurisdiction in cases of public nuisance where a complete remedy exists at law; but so large and widely used is this jurisdiction in public nuisance that it is hard to exclude it in any case, and the statement in 2 Beach. Mod. Eq. Jur. § 743, is substantially correct nowadays, that ‘notwithstanding the legal remedies for a public nuisance, equity will interpose by injunction in a proper case where the nuisance is of a permanent character,’as in this case." See Pence v. Bryant (W. Va.), 46 S. E. Rep, 275.
e. Threatened Kuisances. — It is a general rule that when the thing complained of is not a nuisance per se, but may or may not become so, according to circumstances, and the injury apprehended is eventual or contingent, equity will not interfere; the presumption being that a person entering into a legitimate business will conduct it in a proper way, so that it will not constitute a nuisance. Chambers v. Cramer, 49 W. Va. 395, 38 S. E. Rep. 691, 54 L. R. A. 545, citing 14 Enc. Pl. & Pr. 1129; Pope v. Bridgewater Gas Co. (W. Va.), 43 S. E. Rep. 87.
Therefore, to warrant the perpetuation of an injunction restraining as a threatened nuisance the erection of a building proposed to be used for legitimate purposes, the fact that it will be a nuisance if so used must be made clearly to appear beyond all ground of fair questioning. Chambers v. Cramer, 49 W. Va. 395, 38 S. E. Rep. 691, 54 L. R. A. 545.
*751 d. Here Domestic TiroiU. —A court of equity will discourage, an far as it can. a resort to its power for the purpose of interfering" in mere domestic broils. Therefore, where two families are occupying1 rooms in che same house, using-in common the balls and stairways, equity will not restrain the one from committing1 a nuisance against the other, unless the proof of the existence of such nuisance is clear and strong. Medford v. Levy, 31 W. Va. 649, 8 S. E. Rep. 302, 13 Am. St. Rep. 887, 2 L. R. A. 368.
&. Prior Establishment of Might at Law. — 'Where a corporation claims a right to abate a mill-dam as a nuisance, because it obstructs the navigation of a stream, and such abatement would produce great loss to the mill-owner, and great Inconvenience to the public, a court oí equity has jurisdiction to prevent such abatement, and to preserve to the mill-owner his establishment, until tile question, whether the mill-owner has, or has not, a right to keep up his dam, be decided. Crenshaw v. Slate, River Co., 6 Rand. 245.
tendency o2 Action at Law. — Besides, where a common-law action is pending between the parties, to determine whether a building is a nuisance, an injunction suit to restrain the nuisance will abide the determination of the issue at law. Powell v. Furniture Co., 34 W. Va. 804, 12 S. E. Rep. 1085, 12 L. R. A. 53.
fn Miller v. Trueheart, 4 Leigh 569, where a mill-dam caused stagnation of water, whereby the health of the neighbors was impaired, one of the neighbors brought an action at law for damages against the mill-owners and recovered. After-wards, the dam was carried away, and the owners were proceeding to erect anew one, whereupon the plaintiii who recovered the judgment at law died a bill for injunction. It was held that the court of chancery ought to enjoin the erection of the dam unless it should be made to appear that such precautions had been taken as would avoid the nuisance in future, which fact ought to be ascertained by a jury. Compare Talley v. Tyree, 2 Rob. 500.
(0 When fikijasnacíioia Contisiu©íí uamiéSS flearisig. — If the bill, answer and affidavit show a 2¡rima fade case of nuisance in favor of the plaintiff, the injunction should be continued until the hearing on the merits. McEldowney v. Lowuter, 49 W. Va. 348, 38 S. E. Rep. 644.
3. j>fDioTMKNT.“ Indictment is the appropriate remedy in case of public nuisances. Taylor v. Com., 29 Gratt. 780.
Location. — But to maintain a public prosecution for a nuisance in damming up arid, stagnating the waters of a creek, whereby the air is corrupted and infected, it is necessary to allege and prove that the obstructions so placed produced a stagnation of the waters and corrupted the air, iu or near a public highway, or in some other place in which the public have a special interest. Com. v. Webb. 6 Rand. 726.
It has been held, however, that an indictment for a nuisance caused by a certain mill and mill-dam, the property of the defendant, situate near to a common highway, without particular specification or description of the mili, and without expressly alleging that it is in the county wherein, the indictment is found, is good and sufficient after verdict. Stephen v. Com., 2 Leigh 759.
ísaícBií.— Whoever deprives the public of the free and unobstructed use of a public road, without lawful authority, is guilty oí a nuisance, whether Lhe wrongful act was done ignorantly or knowingly, accidentally or willfully. Therefore, it is unnecessary, in an indictment for obstructing a public road, to allege that the wrongful act was committed “knowingly and willfully.” It is sufficient to allege that the act was done unlawfully, or without lawful authority. State v. Chesapeake, etc., R. Co., 24 W. Va. 809.
ConcSassion. — An indictment for a nuisance which concludes, “to the common nuisance of divers of the commonwealth's citizens,” is not sufficient. It ought to be laid to the common nuisance “of all the citizens of the commonwealth residing in the neighborhood,” or “of all the citizens, etc., residing, etc., and passing thereby.” Com. v. Faris, 5 Rand. 691.
VHK. ACTION FOR DAMAGES.
A. LIMITATION OF ACTION.
1. Continuing- Nuisance. -Any continuance of that which was originally a nuisance the law considers a new nuisance, and therefore, though the party complaining thereof cannot recover on the original cause of action after the expiration of the statutory period, he may for its continuance any time within that period. 4 Min. Inst. (3d Ed.) p. 568; Cohen v. Bellenot, 2 Va. Dec. 639.
Damages for a continuing nuisance, such as those arising from overflowing one's land, can only be recovered to the time of commencing suit therefor. Subsequent damage for the continuance of the nuisance gives a new right of action. Rogers v. Coal River, etc., Co., 39 W. Va. 272, 19 S. E. Rep. 401; Pickens v. Coal River, etc., Co., 51 W. Va. 445, 41 S. E. Rep. 400, 90 Am. St. Rep. 819.
B. DAMAGES RECOVERABLE.
1. Permanent and Tkmpokabz Injuries.
In General. — Where the damages resulting from a nuisance are oí a permanent character and affect the value of the estate, a recovery may be had at law of the entire damages in one action; but where the cause of the injury is in the nature of a nuisance and not permanent in its character, but of such a character that it may be supposed that the defendant would remove it rather than suiter at once the entire damage which it might inflict if permanent, then the entire damage cannot be recovered in a single action; but actions may be maintained from time to time as long as the cause of injury continues. Smith v. Point Pleasant, etc., R. Co., 33 W. Va. 451; Hargreaves v. Kimberly. 26 W. Va. 787, 53 Am. St. Rep. 121; Watts v. Norfolk, etc., R. Co., 39 W. Va. 196, 19 S. E. Rep. 521, 45 Am. St. Rep. 894, 23 L. R. A. 674; Guinn v. Ohio River R. Co., 16 W. Va. 151, 33 S. E. Rep. 87, 76 Am. St. Rep. 806; Pickens v. Coal River, etc., Co., 51 W. Va. 445, 41 S. E. Rep. 400, 90 Am. St. Rep. 819.
Temporary tajwry. — Thus, if a private structure or other work on land is the cause of a nuisance or other tort to the plaintiii, the law cannot regard it as permanent, no matter with what intention it was built; and, therefore, damages can be recovered only to lhe date of the action. So, where a .stream is wrongfully obstructed 7>y a private dam or canal, the plaintiff injured by it can recover compensation only to the date oí the writ. 1 Sedgwick on the Measure of Damages, § 93, quoted with approval in Rogers v. Coal River, etc., Co., 39 W. Va. 272, 19 S. E. Rep. 401; Pickens v. Coal River, etc., Co., 51 W. Va. 445, 41 S. E. Rep. 400, 90 Am. St. Rep. 819.
Persaaiaeiatf SGiijm-y. — But if a private nuisance is of such a character that its continuance ⅛ necessarily an injury, and is of a permanent character, that will continue without change from any cause but human labor, and dependent for change on no contingency of which the law can take notice, then the damage is original and permanent, and right of action at once exists for recovery of entire damages, past and future, and one recovery is a grant or license to continue the nuisance, and there can be no second recovery for its continuance. It is otherwise where the damage is not *752 continuous, but intermittent, occasional, or recurrent from time to time. Guinn v. Ohio River R. Co., 46 W. Va. 151, 33 S. E. Rep. 87, 76 Am. St. Rep. 806.
2. Measure or Damages.
a. Temporary Nuisance. — The measure of damages in case of a temporary, removable nuisance, is the loss sustained during the continuance of the nuisance, within the statutory period, and is to be ascertained by the rental or profit-earning value of the property if the nuisance did not exist. Pickens v. Coal River, etc., Co., 51 W. Va. 445, 41 S. E. Rep. 400.
b. Elements of Recovery — Sickness—Where the plaintiff, in action to recover for an alleged nuisance, sues as trustee and not as occupant of the premises, he cannot recover damages for trouble arising from sickness, sorrow, suffering, or death in his family, which do not affect the value of the prop' erty, although caused by the alleged nuisance. This evidence is admissible only to show the unhealthy condition of the premises. Cohen v. Bellenot, 2 Va. Dec. 639.
3. Exemplary Damages. — Permanent damages may not be given for the maintenance of a nuisance occasioned by an impermanent, movable or reformable structure, like a boom; but after a judgment is obtained the continuance of such nuisance will subject the nuisancer to exemplar!' damages. Pickens v. Coal River, etc., Co., 51 W. Va. 445, 41 S. E. Rep. 400, 90 Am. St. Rep. 819.
IX. LEGISLATIVE OR HUNICIPAL CONTROL.
Legalizing Nuisances, — Where a person or corporation is authorized by the legislature by an express statute to do an act, or by the council of a city or town to which the power to authorize it has been delegated by a legislative act, such person or corporation cannot be regarded as committing a nuisance in the execution of such act, nor proceeded against merely Upon the theory that it is a nuisance, either at law or in equity. But if the act is done carelessly and unskillfully, and damage results therefrom, they will be responsible. Spencer v. Railroad Co., 23 W. Va. 406; Arbenz v. Railroad Co., 33 W. Va. 1, 10 S. E. Rep. 14, 5 L. R. A. 371; Taylor v. Baltimore, etc., R. Co., 33 W. Va. 39 10 S. E. Rep. 29; Watson v. Fairmont, etc., R. Co., 49 W. Va. 528, 39 S. E. Rep. 193.
In McEldowney v. Lowther, 49 W. Va. 348, 38 S. E. Rep. 644, it was held that a person owning property adjoining astreet can restrain a telephone company from erecting poles and stringing wires on the side' of the street next to his property, when the council has authorized the erection of only one line on that street, and the company, in pursuance of the ordinance, has already put its one line up on the other side of the street; the plaintiff showing that the erection of the second and unauthorized line will be injurious to him. Had the council authorized it, the second line might have been put up, although injurious to the property holder.
X.PARTIES.
Two or more persons owning separate and distinct tenements, whether they occupy the premises by themselves or tenants, may, together with the tenants, where the'tenements are lessened in value, or made materially uncomfortable as homes, by a nuisance .which is a common injury to all the tenements and their residents, join in a suit tore-strain such nuisance. Snyder v. Cabell, 29 W. Va. 8, 1 S. E. Rep. 241.